GIBSON vs. HUIE, AND DIGGS vs. HUNTER ET AL.

---

GIBSON *vs.* HUIE AND DIGGS *vs.* HUNTER ET AL.[*]

CONSOLIDATED CASES.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE OF THE SEVENTH PRESIDING.

An attaching creditor may at the same time proceed by personal citation against his debtor.

The first of these cases is a redhibitory action, in which the plaintiff, Gibson, alleges he purchased from the defend-

[*] These cases were decided at the October term, 1838, and a rehearing granted.

ant, Huie, who styles himself, in the act of sale, a resident of North Carolina, four slaves, at different prices, for the aggregate sum of two thousand four hundred and fifty dollars. That said slaves were afflicted, at the time of sale, with redhibitory maladies, then unknown to him, which are ascertained to be incurable, and have rendered the slaves entirely useless and a dead expense, so much so, that had he been apprised of their defects and vices, he would never have purchased them. He prays judgment for the return of the price, and seven hundred dollars in damages, for medical attendance, and other expenses, &c.

WESTERN DIST. October, 1839.

GIBSON vs. HUIE, AND DIGGS vs. HUNTER ET AL.

The plaintiff further alleges, that the defendant resides permanently out of the state, to wit, in North Carolina, but has debts, effects and credits in this state, within the jurisdiction of the court, in the hands of J. L. Crain and R. A. Hunter, which he prays may be attached.

The sheriff returned, that he attached in the hands of J. L. Crain and R. A. Hunter, all the right and interest of James Huie, the defendant, to a certain promissory note, drawn by Hunter and Crain, and endorsed by R. A. Crain, for four thousand dollars, dated the 10th December, 1833, payable the 1st March, 1835, and gave them due notice of the seizure, Crain acknowledging that said note was not yet due.

A copy of the petition, and a citation, was sent to New-Orleans, where the defendant, Huie, then was. On the 6th of April, 1835, the sheriff of the parish of New-Orleans returned, that " he served a copy of the petition and citation on James Huie in person."

At the April term, 1835, the defendant, Huie, appeared by counsel, and filed an exception, averring that the suit was improperly brought, and that he ought to be sued in the parish of New-Orleans, the place of his domicil. He also put in an answer to the merits, pleading the general issue, admitting his endorsement in blank on the back of the note attached, but averring that the court had no jurisdiction by attachment, as the note attached was transferred and assigned by him to one James B. Diggs, before the service and notice of the attachment which he would show on the trial.

WESTERN DIST.
*October*, 1839.

GIBSON *vs.* HUIE, AND DIGGS *vs.* HUNTER ET AL.

The garnishees, Hunter, Crain and others, aver that the note attached was transferred by endorsement to the defendant, Huie, of which they had notice, but were not notified of the transfer from Huie to Diggs, or any other person, until after they were cited as garnishees in this attachment. They also aver that they have been sued on the note by Diggs; that they are ready to pay whenever it shall be determined to whom; but that, in the mean time, they are not liable to pay interest on said note. They pray that these suits be consolidated, &c.

Diggs, as the endorsee and holder of the note thus attached, instituted suit against the maker and endorsers. It was endorsed in blank by R. A. Crain, the payee, and by Gibson and Huie.

The defendants set up for defence to this action that they had been sued in attachment on the same note as garnishees, and referred to the suit of Gibson against Huie.

On the trial, Huie offered in evidence his declaration before the parish judge of New-Orleans, changing his domicil from North Carolina to this parish, dated the 26th March, 1835, and a day or two before service on him of the petition and citation in this suit.

Gibson made proof of the sale to him of the slaves mentioned in the petition, and offered evidence of the redhibitory vices and defects complained of, all of which was submitted to a jury.

Diggs made proof of his title to the note in question, and the makers and endorsers admitted their signatures.

The jury returned a verdict for Gibson against Huie, of three thousand one hundred and fifty dollars, the amount claimed in the petition; and for Diggs, against the makers and endorsers of the note, the amount thereof; and from judgment confirming these verdicts, Huie, and Crain, and Hunter appealed.

*Dunbar* and *Winn*, for the plaintiff, Gibson.

*Barry*, for the defendant, Huie.

*Hyams*, for Huie and Diggs, contended, that the judgment

in favor of Diggs must be confirmed, as he was the endorsee for full value before the maturity of the note, and without notice ; and, as against him no equity between the original parties could be inquired into. 2 *Starkie*, 171. 3 *Louisiana Reports*, 239.

2. The endorsement of the note is *prima facie* evidence of full value, and it was incumbent, at any rate, on the defendants, to show the contrary. The note was transferred by Huie before maturity, and its being protested, Diggs brought suit. The jury gave a verdict for the amount which should be sustained.

3. The judgment of Gibson against Huie ought to be reversed. He had parted with his interest in the note at the time of the attachment, and, consequently, the court was without jurisdiction ; neither had they jurisdiction of his person. The exception to the jurisdiction of the District Court of Rapides should have been sustained. Huie was in New-Orleans, and, personally, was beyond the jurisdiction of the District Court of Rapides, whether he was a resident of the parish of New-Orleans, or a citizen of North Carolina. He was, therefore, not before the court, either by attachment or by personal citation. See *Code of Practice*, articles 129, 162–3–4–5 and 6, and No. 6 of 165. 8 *Martin, N. S.* 250. 3 *Louisiana Reports*, 127.

4. On the merits, the evidence does not show that all the slaves died of redhibitory defects. Two of them were sick, and died of diseases evidently contracted after the sale. They had diarrhœa and a disease of the lungs ; were taken sick after the sale, and on receiving medical attendance, became convalescent, and died some six or seven weeks afterwards, of a relapse. Their price was one thousand one hundred and twenty-five dollars. This should be deducted. There is only two hundred and fifty-five dollars of medical expense proved, when seven hundred dollars has been claimed and allowed.

*Bullard, J.*, delivered the opinion of the court.

These two cases were consolidated in the court below, and

WESTERN DIST. tried together.  In the first, the plaintiff seeks to recover
October, 1839.  back from his vendor, Huie, the price of certain slaves, on

GIBSON vs. HUIE,  the grounds of redhibitory maladies ; and, alleging that the
AND DIGGS  defendant was a resident of North Carolina, attached a cer-
vs.
HUNTER ET AL.  tain promissory note in the hands of the makers and
endorsers, before its maturity ; and, also, proceeded by per-
sonal citation.  In the second, Diggs as endorsee of the
promissory note attached, sues the makers and endorsers.
There was a verdict and judgment for the plaintiffs in both
cases, without regard to the attachment, and Huie and the
makers and endorsers, prosecute the present appeal.

An attaching          It is well settled, that the attaching creditor may, at the
creditor may, at
the same time, same time, proceed by personal citation against his debtor,
proceed by per-
sonal   citation and the view we have taken of this case, independently of
against his debt- the attachment, makes it unnecessary to examine other
or.
questions relating to it, and particularly the charge of the
judge.

A citation was issued and served on the defendant.  He
appeared by attorney, and excepted to the action on the
ground that he was a citizen of New-Orleans, and ought to
be sued in the place of his domicil.  This exception was, in
our opinion, properly overruled, because the defendant did
not show that he had a domicil in the state.  In the act of
sale of the slaves, he calls himself a citizen of North Carolina,
and his declaration before the parish judge of the parish of
Orleans, the day previous to the service, does not suffice to
show that he had a domicil there.  He then put in an
answer to the merits.

The question of the existence of redhibitory defects at
the time of the sale, was left to the jury, and nothing in the
record satisfies us that it is our duty to disturb the verdict.
The evidence in the second case appears to be sufficient to
justify the verdict and judgment against the defendants.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.